**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| BRANCH METRICS, INC., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 2:25-CV-00089-JRG |
| GOOGLE LLC, | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

**STIPULATED PROTECTIVE ORDER**

In the interests of (i) ensuring efficient and prompt resolution of this Action (ii) facilitating discovery by the Parties litigating this Action; and (iii) protecting confidential information from improper disclosure or use, the Parties stipulate to the provisions set forth below. The Court, upon good cause shown and pursuant to Fed. R. Civ. P. 26(c)(1), ORDERS as follows:

A.    **Definitions**

1.    As used herein:

(a)    "Action" means the above-captioned action pending in this Court.

(b)    "Confidential Information" means any trade secret or other confidential research, development, or commercial information, as such terms are used in Fed. R. Civ. P. 26(c)(1)(G), or any document, transcript, or other material containing such information that has not been published or otherwise made publicly available.

(c)    "Competitive Decision-Making" means the action or process of making a business decision or resolving a non-legal question relating to a competitor, potential competitor, customer, or distribution partner regarding contracts, marketing, pricing, product or service

development or design, product or service offerings, research and development, mergers and acquisitions, or licensing, acquisition, funding or enforcement of intellectual property. It does not include legal advice provided in connection with litigation, potential litigation, or regulatory matters, nor does it include work performed as part of a trial team or to keep management advised on the progress or status of litigation, potential litigation, or regulatory matters.

(d)      "Defendant" means Google LLC, and its and their divisions, subsidiaries, affiliates, partnerships and joint ventures, and all directors, officers, employees, agents (including counsel), and representatives of the foregoing.

(e)      "Designated In-House Counsel" means up to two (2) In-House Counsel designated by Plaintiff and up to two (2) In-House Counsel designated by Defendant, who are authorized to access Confidential Information pursuant to Paragraph 11(d) or may be authorized to access Highly Confidential Information pursuant to Paragraph 15 of this Order.

(f)      "Disclosed" means shown, divulged, revealed, produced, described, transmitted or otherwise communicated, in whole or in part.

(g)      "Document" means any document or electronically stored information, as the term is used in Fed. R. Civ. P. 34(a).

(h)      "DOJ" means the U.S. Department of Justice, including their employees, agents, counsel, and representatives.

(i)      "DOJ Search Action" means *United States of America v. Google LLC*, No. 1:20-cv-03010-APM (D.D.C.) and all cases consolidated thereunder, including *State of Colorado v. Google LLC*, No. 1:20-cv-03715-APM (D.D.C.).

(j)      "Highly Confidential Information," as defined herein, shall only include extremely sensitive information, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.  Communications

2

disclosing any Highly Confidential Information are themselves considered to be Highly Confidential Information.

If a Protected Person is required by subpoena or court order in this Action to produce information that would cause it material and significant competitive or commercial harm, but that information does not specifically fall into one of the categories of information listed in this paragraph, upon a compelling showing, it may seek a court order that such information is Highly Confidential and should be withheld from In-House Counsel, including Designated In-House Counsel. If a motion is made pursuant to this paragraph and is related to a subpoena or court order, it must be filed no later than the due date to respond to the subpoena or court order. If a Protected Person seeks additional protection pursuant to this paragraph from the Court, the materials for which additional protection has been sought will not be provided to other Persons, aside from outside counsel, until the Court has ruled.

All protections under this Order to Confidential Information apply as well to Highly Confidential Information.

(k)    "In-House Counsel" means any lawyer employed by Plaintiff or Defendant as well as any paralegals, administrative assistants, and clerical and administrative personnel supervised by that lawyer and employed by Plaintiff or Defendant.  In-House Counsel, however, does not include Outside Counsel of Record.

(l)    "Litigation Materials" means non-privileged documents, testimony, or other materials that (i) any Non-Party provides to any Party, either voluntarily or under compulsory process, in connection with and during the pendency of this Action; (ii) constitute any communication between any Party and any Non-Party in connection with and during the pendency of this Action; (iii) Defendant produces to Plaintiff in connection with and during the pendency of

this Action; and/or (iv) Plaintiff produces to Defendant in connection with and during the pendency of this Action.

(m)    "Non-Party" means any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

(n)    "Outside Counsel of Record" means the attorneys employed by outside law firms representing and appearing for Plaintiff or Defendant in this proceeding, as well as any paralegals, administrative assistants, and clerical and administrative personnel supervised by those lawyers and employed by those Outside Counsel of Record.

(o)    "Plaintiff" means Branch Metrics, Inc., and its and their divisions, subsidiaries, affiliates, partnerships and joint ventures, and all directors, officers, employees, agents (including counsel), and representatives of the foregoing.

(p)    "Party" means any Plaintiff or Defendant in this Action. "Parties" means collectively both the Plaintiff and Defendant in this Action.

(q)    "Person" means any natural person, corporate entity, business entity, partnership, association, joint venture, governmental entity, or trust.

(r)    "Protected Person" means any Person (including a Party) that either voluntarily or under compulsory process, has provided or provides Litigation Materials.

B.    **Designation of Highly Confidential Information and Confidential Information**

2.    **PRODUCTION OF MATERIALS RELATED TO DOJ SEARCH ACTION BY PROTECTED PERSONS**. If a Non-Party Protected Person re-produces in this Action materials that it had previously provided in connection with DOJ Search Action or any related investigation, and those materials were marked "Confidential" or "Highly Confidential" pursuant to the Protective Order in the DOJ Search Action, such confidentiality designations shall be considered to have the same meaning as "Confidential" or "Highly Confidential" as used in this

Order and be subject to all of the protections and requirements in this Order that govern such designations.

3.      If a Non-Party Protected Person believes that this Order does not adequately protect its Highly Confidential Information or Confidential Information, it may, within 10 days after receipt of a copy of this Order, seek additional protection from the Court for the Non-Party Protected Person's Highly Confidential Information or Confidential Information. If a Non-Party Protected Person seeks additional protection from the Court, the materials for which additional protection has been sought will not be provided to other Persons, aside from outside counsel, until the Court has ruled.

4.      Any production of documents or testimony not designated as Confidential or Highly Confidential Information will not be deemed a waiver of any future claim of confidentiality concerning such information if it is later designated as Confidential or Highly Confidential Information. If at any time before trial of this Action, a Protected Person realizes that it should have designated as Confidential or Highly Confidential Information any materials  that Person previously produced during discovery in this Action, it may so designate such documents, testimony, or other materials by notifying the Parties in writing. The Parties shall thereafter treat the materials pursuant to the Protected Person's new designation under the terms of this Order. However, the disclosure of any information for which disclosure was proper when made will not be deemed improper regardless of any such subsequent confidentiality designation.

5.      **DESIGNATION OF LITIGATION MATERIALS AS HIGHLY CONFIDENTIAL OR CONFIDENTIAL BY PROTECTED PERSONS**. The following procedures govern the process for Protected Persons to designate as Highly Confidential or Confidential any information that they disclose in this Action after this Order is entered, including

but not limited to information in response to requests under Fed. R. Civ. P. 30, 31, 33, 36, and 45, and documents disclosed in response to Fed. R. Civ. P. 33(d), 34(b)(2) and (c), or 45:

(a)    <u>Testimony</u>. All transcripts of depositions taken in this Action after entry of this Order will be treated as Highly Confidential Information in their entirety for 30 days after the date when a complete and final copy of the transcript has been made available to the deponent (or the deponent's counsel, if applicable). Within 30 days following receipt of the final transcript, the deponent may designate as Highly Confidential Information any portion of the deposition transcript, by page(s) and line(s), and any deposition exhibits provided by the deponent or the deponent's employer. To be effective, such designations must be provided in writing to Plaintiff's and Defendant's counsel listed in Appendix C. Any portion of the transcript or exhibits not so designated pursuant to this subparagraph 5(a) shall be treated as Confidential Information.

When a Party is entitled under this Order to question a deponent about a document or information that has been designated by a different Protected Person as Highly Confidential or Confidential, the Party that asked such questions shall designate the portion of the transcript relating to such Highly Confidential or Confidential document or information in accordance with the confidentiality level that the document or information has been designated by the Protected Person.

(b)    <u>Documents</u>. A Protected Person who designates as Highly Confidential Information any document that it produced in this Action must stamp or otherwise mark each document containing said information with the designation "HIGHLY CONFIDENTIAL" in a manner that will not interfere with legibility, including page numbering, or audibility. A Protected Person who designates as Confidential Information any document that it produced in this Action must stamp or otherwise mark each document containing said information with the designation

"CONFIDENTIAL" in a manner that will not interfere with legibility, including page numbering, or audibility. Any document that contains Confidential Information may be designated Confidential Information in its entirety; any document that contains Highly Confidential Information may be designated Highly Confidential Information in its entirety.

(c)    <u>Electronic Documents and Data.</u> Where a Protected Person produces electronic files and documents in native electronic format, such electronic files and documents shall be designated by the Protected Person for protection under this Order by including information indicating whether the file contains Highly Confidential Information or Confidential Information, such as by adding such a designation to the file name or in reasonably accessible metadata associated with the files. Where Highly Confidential Information or Confidential Information is produced in electronic format on a disk or other medium that contains exclusively Highly Confidential and/or Confidential Information, the "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL" designation may be placed on the disk or other medium. When electronic files or documents in native form are printed for use at deposition, in a court proceeding, or for provision in printed form to any person described in subparagraph 11(g), the Party printing the electronic files or documents shall affix a legend to the printed document saying, "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL" and include the production number and designation associated with the native file.

6.    **DESIGNATION OF LITIGATION MATERIALS FROM NON-PARTIES**. In the event that a Party is required, by a valid discovery request, to produce a Non-Party's Highly Confidential Information or Confidential Information in its possession, then the Party shall:

(a)    promptly, and no later than the Party's deadline to respond to the request, notify in writing the Party seeking the Highly Confidential Information or Confidential

Information that some or all of the information requested is subject to a confidentiality agreement with a Non-Party; and

(b)      promptly, and no later than 28 days after the request, notify in writing the Non-Party that its Highly Confidential Information or Confidential Information is being requested, make the information requested available for inspection by the Non-Party, and provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested.

7.      If the Non-Party fails to seek a protective order from this Court within 14 days of receiving the notice and accompanying information set forth in paragraph 6, the Non-Party's Highly Confidential Information or Confidential Information responsive to the discovery request may be produced. If the Non-Party timely seeks a protective order, its Highly Confidential Information or Confidential Information that is subject to the confidentiality agreement shall not be produced before a determination by the Court.[1] Absent an order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Highly Confidential Information or Confidential Information. The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as Highly Confidential Information or Confidential Information. Such information produced by Non-Parties in connection with this Action is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

8.      **UNAUTHORIZED DISCLOSURE OF CONFIDENTIAL OR HIGHLY CONFIDENTIAL INFORMATION**. In the event of a disclosure of any Highly Confidential

---

[1] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this Court.

Information or Confidential Information to any person(s) not authorized to receive such disclosure under this Order, the Party responsible for having made such disclosure shall promptly notify the Protected Person whose material has been disclosed and provide to such Protected Person all known relevant information concerning the nature and circumstances of the disclosure. The disclosing Party shall also (a) promptly take all reasonable measures to retrieve the improperly disclosed material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made; (b) inform the Person or Persons to whom unauthorized disclosure were made of all the terms of this Order; and (c) request such Person or Persons execute the Agreement Concerning Confidentiality in the form of Appendix A attached hereto. Unauthorized or inadvertent disclosure shall not change the confidential status of any disclosed material or waive the right to maintain the disclosed material as containing Highly Confidential Information or Confidential Information.

**C.**     **Challenges to Highly Confidential or Confidential Designation**

9.     Any Party who objects to any designation of confidentiality (the "Objecting Party") may at any time before the trial of this Action provide a written notice to the Protected Person who made such designation (the "Designating Party") and all Parties to this Action stating with particularity the grounds for the objection. All materials objected to shall continue to be treated consistent with their challenged designation (i.e., as Confidential Information or Highly Confidential Information) pending resolution of the dispute. Within ten (10) days of the Objecting Party's written notice, the Objecting Party and the Designating Party shall attempt to confer to discuss their respective positions. If the Objecting Party and Designating Party cannot reach agreement on the objection within ten (10) days of the Objecting Party's written notice (or another deadline agreed to by the Objecting Party and the Designating Party), the Objecting Party may address the dispute to this Court by filing a motion or other request for relief in accordance with

applicable rules. If the Court finds the designation of Highly Confidential Information or Confidential Information to have been inappropriate, the challenged designation shall be considered rescinded, and the Objecting Party may seek attorneys' fees and costs from the Designating Party as it relates to the resolution of any dispute if the Court determines that there was no good faith basis for the improper designation.

**D.**     **Disclosure of Highly Confidential Information or Confidential Information**

10.     Highly Confidential Information may be disclosed only to the following persons:

(a)     the Court and all persons assisting the Court in this Action, including law clerks, court reporters, and stenographic or clerical personnel;

(b)     Outside Counsel of Record for Plaintiff, including any attorneys (but not In-House Counsel, including Designated In-House Counsel, for the Plaintiff), paralegals, and other professional personnel (including support and IT staff) that such Outside Counsel of Record assigns to this Action whose functions require access to the information (but not any employee of the Plaintiff);

(c)     Outside Counsel of Record for Defendant, including any attorneys (but not In-House Counsel, including Designated In-House Counsel, for the Defendant), paralegals, and other professional personnel (including support and IT staff) that such Outside Counsel of Record assigns to this Action whose functions require access to the information (but not any employee of the Defendant);

(d)     outside vendors or service providers (such as copy-service providers, outside court reporters retained for depositions, translators, and document-management consultants) retained by a Party to assist that Party in this Action, provided that they shall first execute an Agreement Concerning Confidentiality in the form of Appendix A attached hereto;

(e)        any mediator, arbitrator, or special master that the Parties engage in this Action or that this Court appoints;

(f)        any person who the Highly Confidential Information itself indicates, or who the receiving party has a good-faith basis to believe, were the author, addressee, recipient, custodian, or source of the document, to the extent they have previously had lawful access to the document disclosed or to be disclosed; any current employee of a Party whose statements or communications are quoted, recounted, or summarized in said Party's document; or persons who are current employees of the Non-Party that produced the document;

(g)        any person retained by a Party to serve as a testifying or consulting expert in this Action, including employees of the firm with which the expert or consultant is associated or independent contractors who assist the expert's work in this Action, provided that they shall first execute an Agreement Concerning Confidentiality in the form of Appendix A attached hereto; and

(h)        outside trial consultants (including, but not limited to, graphics consultants) provided that they shall first execute an Agreement Concerning Confidentiality in the form of Appendix A attached hereto.

11.        Confidential Information may be disclosed only to the following persons:

(a)        the Court and all persons assisting the Court in this Action, including law clerks, court reporters, and stenographic or clerical personnel;

(b)        Outside Counsel of Record for Plaintiff, including any attorneys (but not In-House Counsel for the Plaintiff except as provided in paragraph 11(d) and subject to the procedure in paragraphs 17 through 19), paralegals, and other professional personnel (including support and

IT staff) that such Outside Counsel of Record assigns to this Action whose functions require access to the information (but not any employee of the Plaintiff);

(c)    Outside Counsel of Record for Defendant, including any attorneys (but not In-House Counsel for the Defendant except as provided in paragraph 11(d) and subject to the procedure in paragraphs 17 through 19), paralegals, and other professional personnel (including support and IT staff) that such Outside Counsel of Record assigns to this Action whose functions require access to the information (but not any employee of the Defendant);

(d)    Designated In-House Counsel of Plaintiff and Defendant with responsibilities for the litigation of this Action shall not participate in or advise on Competitive Decision-Making involving a Protected Person whose Confidential Information they accessed during the course of this Action at any employer. To qualify for access under this subpart, in-house litigation counsel shall first execute a Designated In-House Counsel Agreement Concerning Confidentiality in the form of Appendix B attached hereto (which executed versions shall be maintained by Outside Counsel for the Parties and available for inspection upon the request of the Court, any Party, or any Non-Party Protected Person). The Parties shall promptly report any confirmed or suspected unauthorized use or disclosure of Confidential Information to the Court and each other. Any counsel subject to this subsection who leaves the employment of a Party to work in an industry unrelated to the decisions associated with Competitive Decision-Making shall be presumed to be exempt from the post-employment limits of this provision absent a showing by any Protected Person that such a Person engaged in Competitive Decision-Making.

(e)    outside vendors or service providers (such as copy-service providers, outside court reporters retained for depositions, translators, and document-management

consultants) retained by a Party to assist that Party in this Action provided that they shall first execute an Agreement Concerning Confidentiality in the form of Appendix A attached hereto;

(f)    any mediator, arbitrator, or special master that the Parties engage in this Action or that this Court appoints;

(g)    any person who the Confidential Information itself indicates, or who the receiving party has a good-faith basis to believe, were the author, addressee, recipient, custodian, or source of the document, to the extent they have previously had lawful access to the document disclosed or to be disclosed; any current employee of a Party whose statements or communications are quoted, recounted, or summarized in said Party's document; persons for whom counsel for Plaintiff or Defendant believes in good faith previously received or had access to the document, unless the person indicates that he or she did not have access to the document; or persons who are current employees of the Non-Party that produced the document.

(h)    any person retained by a Party to serve as a testifying or consulting expert in this Action, including employees of the firm with which the expert or consultant is associated or independent contractors who assist the expert's work in this Action, provided that they shall first execute an Agreement Concerning Confidentiality in the form of Appendix A attached hereto; and

(i)    outside trial consultants (including, but not limited to, graphics consultants) provided that they shall first execute an Agreement Concerning Confidentiality in the form of Appendix A attached hereto.

12.    Counsel for the Party making the disclosure must retain the original of the Agreement Concerning Confidentiality in the form of Appendix A attached hereto for a period of at least one year following the final resolution of this Action.

13.     Each individual described in Paragraphs 10 and 11 of this Order to whom information designated as Highly Confidential Information or Confidential Information is disclosed must not disclose that Highly Confidential Information or Confidential Information to any other individual, except as provided in this Order.

14.     Nothing in this Order:

(a)     limits a Protected Person's use or disclosure of its own information designated as Highly Confidential Information or Confidential Information;

(b)     prevents disclosure of Highly Confidential Information or Confidential Information with the consent of the Protected Person that designated the material as confidential; or

(c)     prevents disclosure by a Party of Highly Confidential Information or Confidential Information (i) that is or has become publicly known through no fault of that Party; (ii) lawfully acquired by or known to that Party independent of receipt during discovery in this Action; (iii) previously produced, disclosed and/or provided to that Party without an obligation of confidentiality and not by inadvertence or mistake; or (iv) pursuant to an order of a court or as may be required by regulation.

E.     **Disclosure of Highly Confidential Information to Designated In-House Counsel Based on Need**

15.     Either Party may at any time before or during the trial of this Action request disclosure of Highly Confidential Information to Designated In-House Counsel by consent of the Designating Party or motion with the Court. The Requesting Party shall provide a written notice to the Designating Party and all Parties to this Action stating with particularity the need for such disclosure. The Requesting Party must meet and confer with the Designating Party to try to resolve the matter by agreement within seven (7) days of the written notice. If no agreement is reached,

the Requesting Party may file a motion with the Court. The Designating Party will have seven (7) days to respond to such motion. The Requesting Party will not disclose any Highly Confidential Information to its In-House Counsel, including Designated In-House Counsel, pending resolution of the dispute. If the Court finds the Designated In-House Counsel has a particularized need for access to the Highly Confidential Information that outweighs the risk of harm to the Designating Party or the public interest, the Requesting Party will be able to disclose the Highly Confidential Information to its Designated In-House Counsel notwithstanding paragraph 10.

**F.    Challenges to In-House Counsel**

16.    Unless otherwise ordered by the Court or agreed to in writing by the Protected Person, before disclosing any information designated as Confidential Information by a Protected Person to a Party's Designated In-House Counsel, the Party seeking to disclose the information must submit in writing to the Protected Person a written statement that (1) sets forth the full name of the Designated In-House Counsel and the city and state of his or her residence, and (2) describes the Designated In-House Counsel's past, current, and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if Designated In-House Counsel is involved, or may become involved, in any Competitive Decision-Making. If at any time, a Party decides to replace a Designated In-House Counsel, that Party must submit a written statement regarding its proposed replacement Designated In-House Counsel pursuant to this paragraph and follow the procedures described in paragraphs 19 and 20.

17.    A Party may disclose Confidential Information to its Designated In-House Counsel if the Party does not receive a written objection from the Protected Person within 10 days of providing the written statement required in paragraph 16. If a Party replaces any of its Designated In-House Counsel pursuant to paragraph 16, the Party may disclose Confidential Information to its replacement Designated In-House Counsel if the Party does not receive a written objection

within 10 days of submitting the written statement regarding the replacement Designated In-House Counsel pursuant to paragraph 16. Any objection to Designated In-House Counsel must set forth in detail the grounds on which it is based.

18.    If a Party receives a timely written objection to its written statement identifying its Designated In-House Counsel, it must meet and confer with the objecting Person to try to resolve the matter by agreement within seven (7) days of the written objection. If no agreement is reached, the objecting Person will then have seven (7) days to file a motion with the Court, objecting to the Designated In-House Counsel. The Party that received the objection will not disclose any Confidential Information (and at no point may disclose Highly Confidential Information) to its In-House Counsel, including Designated In-House Counsel, pending resolution of the dispute. If the Court finds the Designated In-House Counsel is not engaged in Competitive Decision-Making, the Party will be able to disclose Confidential Information to its Designated In-House Counsel in accordance with paragraph 11.

**G.    Use of Information Designated Highly Confidential or Confidential in This Action**

19.    In the event that any Highly Confidential Information or Confidential Information is contained in any pleading, motion, exhibit or other paper filed or to be filed with the Court, the Court shall be so informed by the Party filing such papers, and such papers shall be filed under seal, in accordance with Local Rule CV-5(a)(7). This Order hereby grants the Parties leave to file such properly designated Highly Confidential Information or Confidential Information under seal. To the extent that such material was originally produced by a Non-Party, the Party including the materials in its papers shall immediately notify the producing party of such inclusion. Highly Confidential Information and Confidential Information contained in the papers shall continue to be maintained under seal until further order of the Court, provided, however, that such papers may be furnished to persons or entities who may receive Highly Confidential Information or

Confidential Information pursuant to paragraphs 10 and 11. After filing any paper containing Highly Confidential Information or Confidential Information, the filing Party shall file on the public record a duplicate copy of the paper that does not reveal Highly Confidential Information or Confidential Information pursuant to procedures outlined in Local Rule CV-5(a)(7). Nothing in this Order shall restrict the Parties or any interested member of the public from challenging the filing of any Highly Confidential Information or Confidential Information under seal.

20.     Parties shall give the other parties notice if they reasonably expect a deposition, hearing, or other proceeding to include Highly Confidential Information or Confidential Information so that the other parties can ensure that only authorized individuals are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as Highly Confidential Information or Confidential Information.

**H.     <u>Use of Highly Confidential Information or Confidential Information at Trial</u>**

21.     Disclosure at trial or at any evidentiary hearing of any document, testimony, or other material designated as Highly Confidential Information or Confidential Information will be governed pursuant to a separate court order. Unless otherwise directed by the Court, the Parties shall meet and confer and submit a recommended order outlining those procedures no later than thirty (30) calendar days before the first day of trial or any evidentiary hearing. Upon the filing of a proposed order governing the disclosure of Highly Confidential Information or Confidential Information at trial or any evidentiary hearing, the Parties shall provide notice of such order to third parties whose Highly Confidential Information or Confidential Information is expected to be used at trial or any evidentiary hearing.

22.     Unless otherwise provided for in this Order, all Highly Confidential Information and Confidential Information produced by a Party or a Non-Party as part of this Action shall be

used solely for the conduct of this Action and shall not be used for any business, commercial, competitive, personal, or other purpose.

## I.     PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

23.     When a producing Party gives notice to a receiving Party that certain produced material is subject to a claim of privilege or other protection, the obligations of the receiving Party are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  If information is produced in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the Party making the claim may notify any Party that received the information of the claim and the basis for it. After being notified, a Party must promptly return or destroy the specified information and any copies it has and may not sequester, use or disclose the information until the claim is resolved. This includes a restriction against presenting the information to the Court for a determination of the claim.  Any disclosure of communications, information, or documents covered by the attorney-client privilege or work-product protection is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This paragraph shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Accordingly, the provisions of Federal Rule of Evidence 502(b) do not apply, and the disclosing Party is not required to satisfy the elements of Rule 502(b) to properly assert the attorney-client privilege or work-product protection over disclosed communications, information, and documents.  Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of communications, information, or documents for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

## J.     Procedures upon Termination of This Action

24.     The obligations imposed by this Order survive the termination of this Action unless the Court, which shall retain jurisdiction to resolve any disputes arising out of this Order, orders otherwise. Within 90 days after the expiration of the time for appeal of an order, judgment, or decree terminating this Action, all persons having received information designated as Highly Confidential Information or Confidential Information must, to the extent permitted by the states' retention schedules, either make a good faith effort to return such material and all copies thereof to the Protected Person (or the Protected Person's counsel if represented by counsel) that produced it, or destroy or delete all such Highly Confidential Information or Confidential Information and certify that fact in writing to the Party or Protected Person.

25.     Outside Counsel of Record for the Parties will be entitled to retain court papers and exhibits, deposition transcripts and exhibits, trial transcripts and exhibits, and work product, provided that the Parties and their counsel do not disclose the portions of court papers and exhibits, deposition transcripts and exhibits, trial transcripts and exhibits, or work product containing information designated as Highly Confidential Information or Confidential Information to any person except pursuant to court order or agreement with the Protected Person that produced the Highly Confidential Information or Confidential Information or as otherwise permitted herein. All Highly Confidential Information and Confidential Information returned to the Parties or their counsel by the Court likewise must be disposed of in accordance with this paragraph. Nothing in this paragraph, however, restricts the rights of the Parties under Paragraphs 15 or 16 of this Order.

**J.     Right to Seek Modification**

26.     Nothing in this Order limits any Person, including members of the public, a Party, or a Protected Person, from seeking (1) further or additional protections of any of its materials, or (2) modification of this Order upon motion duly made pursuant to the Rules of this Court,

including, without limitation, an order that certain material not be produced at all or is not admissible evidence in this Action or any other proceeding.

**K.    Persons Bound by This Order**

27.    This Order shall be binding on the Parties to this Action, their attorneys, personal representatives, administrators, assigns, parents, subsidiaries, divisions, affiliates, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

28.    All persons subject to this Order are reminded that this order may be enforced by the Court's full powers of criminal and civil contempt.

**So ORDERED and SIGNED this 29th day of May, 2025.**

RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE

APPENDIX A

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| BRANCH METRICS, INC., | Civil Action No. 2:25-cv-00089-JRG |
| Plaintiff, | |
| vs. | **JURY TRIAL DEMANDED** |
| GOOGLE LLC, | |
| Defendant. | |

**<u>AGREEMENT CONCERNING CONFIDENTIALITY</u>**

I, _____, am employed by _____ as _____.

I thereby certify that:

1.      I have read the Protective Order entered in the above-captioned action and understand its terms.

2.      I agree to be bound by the terms of the Protective Order entered in the above captioned action. I agree to use the information provided to me only as explicitly provided in this Protective Order.

3.      I understand that my failure to abide by the terms of the Protective Order entered in above-captioned action will subject me to, without limitation, civil and criminal penalties for contempt of Court.

4.      I submit to the jurisdiction of the United States District Court for the Eastern District of Texas solely for the purpose of enforcing the terms of the Protective Order entered in

the above-captioned action and freely and knowingly waive any right I may otherwise have to object to the jurisdiction of said Court.

_____
Signature

_____
Date

APPENDIX B

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| BRANCH METRICS, INC., | Civil Action No. 2:25-cv-00089-JRG |
| Plaintiff, | |
| vs. | **JURY TRIAL DEMANDED** |
| GOOGLE LLC, | |
| Defendant. | |

**<u>DESIGNATED IN-HOUSE COUNSEL AGREEMENT CONCERNING
CONFIDENTIALITY</u>**

I, _____, am employed by _____ as _____.

I hereby certify that:

1.      I have read the Protective Order entered in the above-captioned action and understand its terms.

2.      I agree to be bound by the terms of the Protective Order entered in the above captioned action. I agree that in my role as in-house litigation counsel for the above company, I meet the requirements of Paragraph 11(d) of this Protective Order, and agree to use the information provided to me only as explicitly provided in this Protective Order.

3.      I understand that my failure to abide by the terms of the Protective Order entered in above-captioned action will subject me to, without limitation, civil and criminal penalties for contempt of Court.

4.      I submit to the jurisdiction of the United States District Court for the Eastern District of Texas solely for the purpose of enforcing the terms of the Protective Order entered in the above-captioned action and freely and knowingly waive any right I may otherwise have to object to the jurisdiction of said Court.

_____

Signature

_____

Date