## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| BRANCH METRICS, INC., | § § § | |
| *Plaintiff*, | § § | |
| v. | § § § | CIVIL ACTION NO. 2:25-CV-00089-JRG |
| GOOGLE LLC, | § § § | |
| *Defendant*. | § § § | |

## **DISCOVERY ORDER**

After a review of the pleaded claims and defenses in this action, in furtherance of the management of the Court's docket under Fed. R. Civ. P. 16, and after receiving the input of the parties to this action, it is **ORDERED** as follows:

1. **Disclosures.** Except as provided by paragraph 1(j), within 30 days after the Scheduling Conference, each party shall disclose to every other party the following information:

   (a) the correct names of the parties to the lawsuit;

   (b) the name, address, and telephone number of any potential parties;

   (c) the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

   (d) the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by any such person;

   (e) any indemnity and insuring agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment entered

in this action or to indemnify or reimburse for payments made to satisfy the judgment;

(f) any settlement agreements relevant to the subject matter of this action;

(g) any statement of any party to the litigation;

(h) in a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills that are reasonably related to the injuries or damages asserted, or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills;

(i) in a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills obtained by the disclosing party by virtue of an authorization furnished by the requesting party; and

(j) for any testifying expert[1], by the date set by the Court in the Docket Control Order, each party shall disclose to the other party or parties:

    a. the expert's name, address, and telephone number;

    b. the subject matter on which the expert will testify;

    c. if the witness is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the disclosing party regularly involve giving expert testimony:

        1. all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony, except to the extent

---

[1] All expert reports should be written such that the report is organized with discrete paragraph numbers.

      protected by Fed. R. Civ. P. 26(b)(4); and

    2. the disclosures required by Fed. R. Civ. P. 26(a)(2)(B) and Local Rule CV-26.

  d. for all other experts, the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them or documents reflecting such information; and

  e. any party shall be excused from furnishing an expert report of treating physicians.

2. **Protective Orders.**  The Court will issue its Standard Protective Order at the request of counsel.

3. **Additional Disclosures.**  Each party, within 45 days after the Scheduling Conference and without awaiting a discovery request, to provide, to the extent not already provided, to every other party the following:

  (a) a copy of all documents, data compilations, and tangible things in the possession, custody, or control of the party that are relevant to the pleaded claims or defenses involved in this action. By written agreement of all parties, alternative forms of disclosure may be provided in lieu of paper copies. For example, the parties may agree to exchange images of documents electronically or by means of computer disk; or the parties may agree to review and copy disclosure materials at the offices of the attorneys representing the parties instead of requiring each side to furnish paper copies of the disclosure materials;

  (b) a complete computation of any category of damages claimed by any party to the action, and produce or permit the inspection of documents or other evidentiary

material on which such computation is based, including materials bearing on the nature and extent of injuries suffered, except that the disclosure of the computation of damages may be deferred until the time for Expert Disclosures if a party will rely on a damages expert; and

(c)   those documents and authorizations described in Local Rule CV-34.

The Court shall order the disclosures set forth in paragraph 3(a), (b), and (c) in the absence of a showing of good cause by any party objecting to such disclosures.

4. **Discovery Limitations**.  The discovery in this case is limited to the disclosures described in Paragraphs 1-3 together with:

   a. **Definitions.** For purposes of this Discovery Order:

      i. "Defendant" means Google LLC.

      ii. "Plaintiff" means Branch Metrics, Inc.

      iii. "Side" means Plaintiff on the one hand and Defendant on the other.

   b. **Interrogatories.** Each Side may serve up to 25 interrogatories.

   c. **Requests for Admission.** Each Side may serve up to 25 requests for admission. These limits do not apply to requests for admission that seek an admission as to the authenticity and/or admissibility of a particular document or thing. Such requests for admission as to authenticity and/or admissibility will be unlimited, clearly denoted as such, and served separately from other requests for admission.

   d. **Depositions.** As a default, in the absence of further agreement of the Parties or order by the Court, the Parties agree as follows:

      i. **Fact Depositions.** Each Side may take up to 10 total non-expert

30(b)(1) or 30(b)(6) depositions of a Party (including former employees of a Party) and up to 50 hours of non-expert depositions of third parties. For such non-expert depositions of third parties, each deposition will be subject to the default 7-hour limit, and if both Parties notice the same non-expert third party deposition, each Party will be limited to 3.5 hours on the record.

1. Depositions on written questions of custodians of business records for third parties shall not count towards the foregoing limits.

2. If a single witness is designated for voluminous Rule 30(b)(6) topics, the Parties will confer on the default 7-hour limit for that witness.

3. If a party designates more than 1 individual to testify in response to a Rule 30(b)(6) deposition notice, then each additional designee will not count toward the noticing party's 10 deposition per side limit; provided, however, that the noticing party's questioning of Rule 30(b)(6) deponents shall be limited to the designated topics.  If the noticing party wishes to go beyond the designated topics, then the noticing party must serve a 30(b)(1) notice on the deponent and the deposition will count toward the noticing party's 10 deposition per side limit; such Rule 30(b)(6)/30(b)(1) depositions will be subject to the default 7-hour limit absent agreement of the parties.

        ii. **Depositions of Experts.** Each expert witness may be deposed for up to 7 hours. To the extent supplemental reports are served, any additional deposition time shall be addressed either by agreement or order of the Court. An "expert witness" is a witness disclosed pursuant to Paragraph 1(j) of the Discovery Order.

        iii. **Interpreters and Translators.** Any deposition requiring the use of an interpreter or translator will be subject to a 14-hour limit rather than the default 7-hour limit.

        iv. **Location of Depositions.** The Parties agree to meet and confer in good faith regarding the possibility of scheduling any depositions via remote video platform, to the extent that is feasible and lawful.

    e. Any party may later move to modify these limitations for good cause.

5. **Privileged Information**. There is no duty to disclose privileged documents or information. However, the parties are directed to meet and confer concerning privileged documents or information after the Scheduling Conference. The parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection. The privilege logs must be exchanged by the deadline set in the Docket Control Order. Any party may move the Court for an order compelling the production of any privileged documents or information identified on any other party's privilege log. If such a motion is made, the party asserting privilege shall file with the Court within 14 days of the filing of the motion to compel any proof in the form of declarations or affidavits to

support their assertions of privilege, along with the documents over which privilege is asserted for in camera inspection. However, if the party asserting privilege seeks an *in camera* review by the Court, such party shall first obtain leave from the Court prior to delivery of documents to the Court. If the parties have no disputes concerning privileged documents or information, then the parties shall inform the Court of that fact by filing a notice within 14 days of the deadline set in the Docket Control Order for exchanging privilege logs.

6. **Pre-trial disclosures**. Each party shall provide to every other party regarding the evidence that the disclosing party may present at trial as follows:

   (a)   The name and, if not previously provided, the address and telephone number of each witness, separately identifying those whom the party expects to present at trial and those whom the party may call if the need arises.

   (b)   The designation of those witnesses whose testimony is expected to be presented by means of a deposition and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony.

   (c)   An appropriate identification of each document or other exhibit, including summaries of other evidence, separately identifying those which the party expects to offer and those which the party may offer if the need arises.

These disclosures shall be made at least 30 days before trial. Within 14 days thereafter, unless a different time is specified by the Court, a party may serve and file a list disclosing (1) any objections to the use under Fed. R. Civ. P. Rule 32(a) of a deposition designated by another party under subparagraph (B), and (2) any objections, together with the grounds therefor, that may be made to the admissibility of materials identified under subparagraph

(C).  Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, shall be deemed waived unless excused by the Court for good cause shown.

7. **Signature.**  The disclosures required by this order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made.  If feasible, counsel shall meet to exchange disclosures required by this order; otherwise, such disclosures shall be served as provided by Fed. R. Civ. P. 5.  The parties shall promptly file a notice with the Court that the disclosures required under this order have taken place.

8. **Duty to Supplement.**  After disclosure is made pursuant to this order, each party is under a duty to supplement or correct its disclosures immediately if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

9. **Discovery Disputes.**

    (a) Except in cases involving claims of privilege, any party entitled to receive disclosures ("Requesting Party") may, after the deadline for making disclosures, serve upon a party required to make disclosures ("Responding Party") a written statement, in letter form or otherwise, of any reason why the Requesting Party believes that the Responding Party's disclosures are insufficient.  The written statement shall list, by category, the items the Requesting Party contends should be produced.  The parties shall promptly meet and confer.  If the parties are unable to resolve their dispute, then the Responding Party shall, within 14 days after service

of the written statement upon it, serve upon the Requesting Party a written statement, in letter form or otherwise, which identifies (1) the requested items that will be disclosed, if any, and (2) the reasons why any requested items will not be disclosed. The Requesting Party may thereafter file a motion to compel.

(b) An opposed discovery related motion, or any response thereto, shall not exceed 7 pages. Attachments to a discovery related motion, or a response thereto, shall not exceed 5 pages. No further briefing is allowed absent a request or order from the Court.

(c) Prior to filing any discovery related motion, the parties must fully comply with the substantive and procedural conference requirements of Local Rule CV-7(h) and (i). Within 72 hours of the Court setting any discovery motion for a hearing, each party's lead attorney (*see* Local Rule CV-11(a)) and local counsel shall meet and confer in person or by telephone, without the involvement or participation of other attorneys, in an effort to resolve the dispute without Court intervention.

(d) Counsel shall promptly notify the Court of the results of that meeting by filing a joint report of no more than two pages. Unless excused by the Court, each party's lead attorney shall attend any discovery motion hearing set by the Court (though the lead attorney is not required to argue the motion). Any change to a party's lead attorney designation must be accomplished by motion and order.

(e) Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(e). If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(e).

10. **No Excuses.**  A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures.  Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand, or to change venue.

11. **Filings.** Only upon request from chambers shall counsel submit to the Court courtesy copies of any filings.

12. **Standing Orders.** The parties and counsel are charged with notice of and are required to fully comply with each of the Standing Orders of this Court. Such are posted on the Court's website at http://www.txed.uscourts.gov/page1.shtml?location=info:judge&judge=17. The substance of some such orders may be included expressly within this Discovery Order, while others (including the Court's Standing Order Regarding Protection of Proprietary and/or Confidential Information to Be Presented to the Court During Motion and Trial Practice) are incorporated herein by reference. All such standing orders shall be binding on the parties and counsel, regardless of whether they are expressly included herein or made a part hereof by reference.

13. **Stipulations by the Parties Regarding Discovery**

    (a) **Service by Electronic Mail.** The Parties will make every effort to serve all documents electronically, by e-mail or through ECF. A party may serve all documents by e-mail on another party by sending the documents to the email group address designated by a party, or if no such group is designated, to the email address(es) for all counsel of record for the party. Documents are timely served by email where the e-mail is sent by 11:59 p.m. Central Time on the date due. Per

Local Rule CV-5(d), documents e-mailed after 5:00 p.m. Central Time shall be deemed served on the following day for purposes of calculating a response date to the document served. The Parties hereby consent in writing to electronic service under Federal Rule of Civil Procedure 5(b)(2)(E).

(b) **Privilege Logs.**

    a. **Exempt from Logging**. The Parties agree that any documents or information withheld from discovery on grounds of privilege that arose or came into existence after January 31, 2025, are exempt from privilege log disclosure requirements. In addition, the following materials do not need to be included on any privilege log absent good cause: (i) attorney work-product materials created by or on behalf of a party's outside litigation counsel of record regarding the above-captioned action in which such counsel represent the party; and (ii) privileged communications between a party and its litigation counsel of record. This provision shall not constitute a waiver of a party's right to request privilege logs covering specific categories of documents created before or after the filing of the Complaint, upon a showing of good cause.

    b. **Format of Privilege Logs**. Unless otherwise provided herein, the Parties' privilege logs shall be consistent with the provisions of the Discovery Order, Protective Order, and Docket Control Order.

        i. If an Email contains both privileged and non-privileged communications, the non-privileged communications must be produced, either by separately producing a copy of the non-privileged communications embedded in the privileged communication, or by

11

    producing a copy of the entire communication string with the privileged portions redacted. If an Email is produced with redactions, the redactions must not obscure the headers (from, to, subject, sent date) of any embedded Emails, unless the identity or contact information of a person is privileged or protected.

  ii. The Parties agree that for Email threads that contain information that a Producing Party alleges is privileged, the Producing Party may use a single entry on its privilege log to refer to the entire Email thread only if (1) all participants in each and every Email within the thread (whether in the to/from/cc/bcc line) are the same; and (2) the basis for the privilege assertion is the same for each and every Email within the Email thread. Otherwise, for all other Email threads a Producing Party alleges is privileged, the Producing Party shall provide sufficient information to evaluate the privilege assertion for the responsive lesser-included Emails in the thread.

c. **No Waiver**. Inspection or production of documents (including physical objects) shall not constitute a waiver of the attorney-client privilege or work-product immunity or any other applicable privilege or immunity from discovery if, after the Producing Party becomes aware of any inadvertent or unintentional disclosure, the Producing Party designates any such documents as within the attorney-client privilege or work-product immunity or any other applicable privilege or immunity and requests return of such documents to the Producing Party pursuant to the terms of a separately filed Protective Order in this matter.

    Nothing herein shall prevent the Receiving Party from challenging the propriety of the attorney-client privilege, work-product immunity, or other applicable privilege or immunity designation by submitting a written challenge to the Court.

(c)  **Expert Discovery.** Oral and written communication between an expert witness and that expert's support staff (including, for the avoidance of doubt, consulting experts and their support staff) for any party or parties and the party or parties (including their attorneys or representatives employing such expert) that are made in connection with the expert's engagement for the case are not discoverable, except to the extent that the expert relies upon them for his/her opinion. Drafts of a report of an expert witness for any party or parties that are prepared in connection with the expert's engagement for this case are not discoverable. All notes, memorandum, and other writings of an expert witness that are prepared in connection with the expert witness's engagement for this case are not discoverable, except to the extent that the expert relies on them and/or consults them while testifying at a deposition or at trial.

(d)  **Third-Party Discovery.** A Party who serves a subpoena in this case on a third party shall provide a copy to the other Party prior to service of that subpoena as required by Fed. R. Civ. P. 45(a)(4). Each Party agrees to notify any third-party recipient of a subpoena that the third party should serve its subpoena response and production(s) on all Parties simultaneously. To the extent a Party receives a written response or documents from a third party pursuant to a subpoena that are not simultaneously served on all Parties, the receiving Party will endeavor to reproduce those

13

documents to the remaining Parties within three business days and no later than six business days. Where reproduction of documents within six business days is not possible, the Party who received the documents will provide prompt notice to the other Party and will work in good faith to resolve the issue on a case-by-case basis.

**So ORDERED and SIGNED this 11th day of June, 2025.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE